United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS GARCIA,

    Petitioner,

    v.

MATTHEW CATE, Director of California Department of Corrections & Rehabilitation,

    Respondent.
_____/

No. C-12-1760 EMC (pr)

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Carlos Garcia, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

## II. BACKGROUND

Garcia alleges in his petition that he is serving a sentence of 10 years in prison on an assault with a firearm conviction that occurred before 2010. In this action, he challenges the execution of his sentence. He contends that the application of California Penal Code § 2933.6, as amended effective January 25, 2010, to calculate his time credits violated his right to be free of ex post facto laws. He appears to contend that the application of the amended version of Section 2933.6 to him resulted in his minimum release date being extended from August 9, 2013 to March 20, 2014.

///

///

Garcia alleges that he filed petitions for writ of habeas corpus in the California courts raising the same issues as raised in this petition. The California Supreme Court denied his petition on March 21, 2012. Garcia then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his petition, Garcia contends that the application of California Penal Code § 2933.6, as amended effective January 25, 2010, to him violated his right to be free of ex post facto laws. The petition suggests that he has lost credits under the amended statute that he would not have lost under the law in effect at the time he committed his crime. The Ex Post Facto Clause, U.S. Const., Art. I, § 10, cl. 1, forbids the states from statutorily cancelling time credits and making ineligible for early release any prisoner who was previously eligible. *See Lynce v. Mathis*, 519 U.S. 433, 446-49 (1997) (retroactive cancellation of prison credits had impermissible effect of lengthening period of incarceration in violation of Ex Post Facto Clause). Liberally construed, the petition states a cognizable claim for a violation of the Ex Post Facto Clause.

Garcia has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent

due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **June 22, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **August 3, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: April 23, 2012

                                                      _____
                                                      EDWARD M. CHEN
                                                      United States District Judge