**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    CARLOS GARCIA,                             No. C-12-1760 EMC (pr)

9                    Petitioner,

10            v.                                 **ORDER DENYING PLAINTIFF'S
                                                 MOTIONS FOR PRELIMINARY**
11   MATTHEW CATE, Director of California        **INJUNCTION**
     Department of Corrections & Rehabilitation,
12                                               **(Docket Nos. 13, 14)**
                     Respondent.
13   _____/

14

15          Petitioner has filed an "urgent motion for preliminary injunction to prevent irreparable harm;

16   request release of prisoner pending appeal," and an "emergency motion for preliminary injunction to

17   prevent irreparable harm; request release of petitioner." Docket # 13, # 14. Although he is not

18   entitled to the relief he requests, Petitioner's motions suggest that he may be unaware that the Court

19   already has denied his petition. The Court will deny the motions for a preliminary injunction and

20   will provide information about some special appeal concerns in this action.

21   A.     Procedural History

22          Petitioner challenged the execution of his sentence in this *pro se* action for a writ of habeas

23   corpus under 28 U.S.C. § 2254. He claimed in his petition that his constitutional right to be free of

24   ex post facto laws was violated when prison officials applied to him a statute that had been amended

25   as of January 25, 2010. The result of the application of the amended statute to him was to decrease

26   the time credits he would earn and therefore extend the time he must spend in prison. The statutory

27   amendment caused his release date of August 9, 2013 to be extended to March 20, 2014.

28

**United States District Court**
For the Northern District of California

1    On April 16, 2013, the Court issued an Order Denying Petition For Writ of Habeas Corpus

2 and entered Judgment.

3    On May 1, 2013, an envelope that apparently had contained the Order and Judgment was

4 returned to the Court and docketed in this case as: "Mail sent to Carlos Garcia returned as

5 undeliverable." Docket # 12. The envelope that was sent back to the Court was marked, "return to

6 sender - vacant - unable to forward - return to sender," although it is unclear whether the marking

7 was made by prison officials or postal officials. Docket # 12.

8    On June 14, 2013, Petitioner filed his motion for a preliminary injunction; Petitioner

9 subsequently filed another motion for preliminary injunction on July 1, 2013. In his motion, he

10 requested that the Court order the CDCR to release him on August 9, 2013, his originally scheduled

11 release date, "pending appeal." Docket # 13, p. 2. He contended that releasing him on his originally

12 scheduled release date would allow him to avoid the irreparable harm of remaining in custody on an

13 extended sentence that (he contended) violated the Ex Post Facto Clause. Docket # 13, p. 2.

14 Petitioner's motion elsewhere indicated that he was unaware that this Court had already denied his

15 petition, as he urged that, "in the event that this court may deny the petition, it is the intention of this

16 petitioner to bring this matter before the 9th Circuit Court of Appeals." *Id.*

17 B.    Discussion

18    Petitioner's motions for preliminary injunction are **DENIED**. (Docket # 13, # 14.) Because

19 the Court has entered judgment against him, it can be said with certainty that Petitioner cannot show

20 any likelihood of success on the merits in this action. *See Winter v. Natural Resources Defense

21 Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish

22 that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

23 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

24 interest.")

25    Petitioner's motions for preliminary injunction suggested that he was unaware that his

26 petition had been denied and that the normal time to appeal has passed. If Petitioner wants to

27

28

2

United States District Court

For the Northern District of California

1 appeal, he must *immediately* file a motion to reopen the time to appeal.[1] His motion to reopen the

2 time to appeal can be a very short motion, but must state when he first learned the Court had denied

3 his petition for writ of habeas corpus and entered judgment in his action. Petitioner also should file

4 a notice of appeal at the time he files his motion to reopen the time to appeal because, even if the

5 Court grants his motion to reopen the time to appeal, he will only have 14 days to file a notice of

6 appeal. *See* Fed. R. App. P. 3(c)(1) (notice of appeal must specify the party taking the appeal,

7 designate the judgment or order at issue, and name the court to which the appeal is taken).

8         The Clerk shall mail to Petitioner a copy of Docket # 10 and Docket # 11.

9

10        IT IS SO ORDERED.

11

12 Dated: July 8, 2013

13                                              _____
                                                EDWARD M. CHEN
14                                              United States District Judge

15

16

17

18

19

20

---

21    [1]        Federal Rule of Appellate Procedure 4(a)(6) provides:

22    The district court may reopen the time to file an appeal for a period of 14 days after the date
      when its order to reopen is entered, but only if all the following conditions are satisfied:
23

24            (A) the court finds that the moving party did not receive notice under Federal Rule of
      Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21
25    days after entry;

26            (B) the motion is filed within 180 days after the judgment or order is entered or
      within 14 days after the moving party receives notice under Federal Rule of Civil Procedure
27    77(d) of the entry, whichever is earlier; and

28            (C) the court finds that no party would be prejudiced.

3